# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00696-COA

JACKIE DALE FRANKLIN                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                       APPELLEE

DATE OF JUDGMENT:              05/29/2024
TRIAL JUDGE:                   HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:     MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JACKIE DALE FRANKLIN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 09/09/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A man pled guilty to armed robbery.  Eleven years later, he filed a motion for post-conviction relief.  The trial court dismissed his motion, finding the request time-barred. Finding no error, we affirm.

¶2.     In 2012, a Madison County grand jury indicted Jackie Dale Franklin on one count of armed robbery with a deadly weapon.  In 2013, Franklin pled guilty to armed robbery and was sentenced to forty years in the custody of the Mississippi Department of Corrections. The circuit court added a ten-year sentence to be served consecutively since a deadly weapon was used.  He was ordered to serve ten years in prison followed by at least five years of post-release supervision.

¶3. In January 2014, Franklin filed a motion for post-conviction collateral relief with the Mississippi Supreme Court. The Court "dismissed without prejudice" his PCR after determining Franklin "ha[d] not appealed" his conviction or sentence to the Supreme Court. Nonetheless, Franklin did not re-file.

¶4. It was not until a decade later, in March 2024, when Franklin filed a second PCR motion. Although it was filed in the correct court, the trial court found it was time-barred and dismissed Franklin's motion. Franklin appealed.

¶5. "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020).

¶6. Post-conviction relief claims must be made "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). A PCR claim is time-barred if the motion is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). To overcome the time-bar, the movant must prove there is an applicable statutory exception. *Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023).

¶7. Here, Franklin pled guilty and was sentenced by the trial court in 2013. The statute of limitations for Franklin's claim for post-conviction relief expired in 2016. Because Franklin filed the present motion in 2024, well beyond the statutory period, it was time-

barred. Franklin fails to assert—much less prove—any statutory exception applies. Franklin alleges his PCR motion is not time-barred, claiming a violation of fundamental rights. "However, in *Howell* the Supreme Court expressly abolished the 'fundamental-rights exception' to the statute of limitations." *Ward v. State*, 394 So. 3d 1031, 1034 (¶10) (Miss. Ct. App. 2024). Therefore, Franklin's "fundamental-rights exception" argument is without merit. Accordingly, the trial court was correct in dismissing Franklin's PCR motion as time-barred.

¶8.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**